Raymond K. PANARAS,
Plaintiff–Appellant.

v.

LIQUID CARBONIC INDUSTRIES COR-
PORATION, a Delaware corporation, in-
dividually and as successor in interest to
Liquid Carbonic International Services
Corporation, and CBI Industries, Inc., a
Delaware corporation, Defendants–Ap-
pellees.

No. 95–3742.

United States Court of Appeals,
Seventh Circuit.

Argued May 14, 1996.

Decided Aug. 28, 1996.

Carey M. Stein (argued), David M. Bag-
dade, Ashman & Stein, Chicago, IL, for
Plaintiff–Appellant.

Robert L. Byman (argued), Kenneth R.
Dolin, Jason L. Peltz, Jenner & Block, Chica-
go, IL, for Defendants–Appellees.

Before POSNER, Chief Judge, and
ESCHBACH and EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

Raymond Panaras was terminated from his position as a regional manager at Liquid Carbonic Industries Corporation (LCI), following more than 25 years of continuous employment. In what is becoming a familiar cry among older displaced workers in this period of corporate "down-sizing," he says that he was terminated on account of his age. LCI and its parent corporation and codefendant, CBI Industries, Inc., attribute the termination to a legitimate reduction in work force unrelated to Panaras' age.

After filing a charge of discrimination with the EEOC and receiving a right to sue letter, Panaras filed his complaint in district court on May 17, 1995—well within the requirement that a complaint alleging age discrimination be filed within 90 days after issuance of the letter. 29 U.S.C. § 626(e). Unfortunately for Panaras, the case never got off the ground. The district court granted a defense motion to dismiss it for failure to accomplish proper service of the summons and complaint on the defendants.

This appeal requires that we examine the time period allowed for service of process under Rule 4 of the Federal Rules of Civil Procedure. Prior to amendment in 1993, the federal rules, namely former Rule 4(j),[1] required that district courts dismiss cases without prejudice if service was not made within 120 days of the filing of the complaint, unless a plaintiff showed good cause for the delinquency. On December 1, 1993, amended and renumbered Rule 4(m) went into effect, providing:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the fail-

ure, the court shall extend the time for service for an appropriate period.

With the new rule in mind, we review the facts regarding Panaras' attempt to obtain service on the defendants.

On May 17, 1995, the day he filed his complaint (about halfway through the 90–day right-to-sue period), Panaras says he attempted to serve the summons and complaint by hand-delivering copies to each defendant in care of their registered agent, C T Corporation Systems. A member of plaintiff's counsel's office, however, who was responsible for the service, could not recall if he actually delivered the summons and complaint. As a courtesy, however, copies of the summons and complaint were served on counsel who was known by plaintiff's counsel to be representing both defendants.

On June 14, 1995, defendants filed their answer, which contained affirmative defenses. They did not, however, serve the pleading on Panaras until July 21, 1995. As one of their affirmative defenses, the defendants said "insufficiency of process and/or insufficiency of service of process." During discovery, in response to Panaras' interrogatories, the defendants stated that the factual premise of the "service" affirmative defense "is that process was never issued for Defendant CBI Industries, Incorporated and that neither Defendant was properly served...."

Apparently, plaintiff's counsel was satisfied (this may have been wishful thinking) that process had been properly served on both CBI and LCI. Panaras contends that his counsel did not inquire further regarding proof of service because the defendants participated in scheduling conferences and responded to his discovery requests. Counsel tells us he believed the defendants were served and were simply objecting to some technical defect due to numerous changes in the corporate structure of one or both of defendants and their affiliated companies.

---

1. Former Rule 4(j) provided as follows: Summons: Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

On September 18, 1995, 124 days after the filing of the complaint, the defendants moved to dismiss it for failure to serve them within 120 days. Not until service of that motion and an accompanying memorandum of law did Panaras learn of the specific details of the defective service. Defendants alleged that a summons never issued to CBI; neither CBI nor LCI was ever served; and the only attempt at service was the courtesy delivery of a single summons, directed only to LCI, to defendants' counsel's office.

On November 6, the parties appeared in the district court on the defendants' motion to quash the belated service of a new summons. The court granted the motion to quash and also granted defendants' motion to dismiss the suit without prejudice, concluding "[t]here has not been a sufficient good cause showing for the failure to serve within the 120 days." The court went on to note that Panaras was now free to attempt to obtain proper service by filing a new complaint. In the court's view, there was no statute of limitations problem, because "[t]he statute of limitations, as far as [the court] can tell at this point without having reviewed it precisely, has not run." But then Panaras' counsel informed the court of his view that dismissal without prejudice would effectively be with prejudice because the 90–day filing period had expired.[2] Counsel also stated his view that the new rule could give him relief without a showing of good cause. The record is not altogether clear on the court's view of this point, but the judge replied that "[t]he issue with regard to the filing and the ninety-day requirement is not now before me.... I'm just going to require that the rules be followed, and that's what I'm doing in this case."

Plaintiff moved for reconsideration of the order of dismissal on the ground that, under Rule 4(m), the court had discretion to dismiss without prejudice or extend the time for service to an appropriate period, even absent a showing of good cause. The court again found no good cause and upheld its order dismissing the suit without prejudice.

We decide, in this case, to embrace the approach and the reasoning adopted by our colleagues in the Third, Fifth, and Tenth Circuits when considering motions to dismiss for insufficiency of service of process under the new rule. See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298 (3d Cir.1995); MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086 (3d Cir.1995); Thompson v. Brown, 91 F.3d 20 (5th Cir.1996); Espinoza v. United States, 52 F.3d 838 (10th Cir. 1995); but see Mendez v. Elliot, 45 F.3d 75 (4th Cir.1995) (court relied on precedent interpreting Rule 4(j) to require good cause for an extension of time limit for service and erroneously concluded that Rule 4(j) was amended and renumbered as 4(m) without substantive change). In joining our sister circuits we note that Tuke v. United States, 76 F.3d 155 (7th Cir.1996),—a case not cited in the main briefs[3] by Panaras or LCI— could, by implication at least, support a claim that good cause must be established before a district court can consider granting more time to accomplish service. But the issue was not directly raised in Tuke, which did not mention Petrucelli or Espinoza (Thompson was just born). We believe these cases provide a rational interpretation of the new rule for service.

When considering a process defect like the one involved in this case, a district court must first inquire whether a plaintiff has established good cause for failing to effect timely service. If good cause is shown, the court shall extend the time for service for an appropriate period. Rule 4(m), Fed. R.Civ.P.; Espinoza, 52 F.3d at 841. In other words, where good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended. Petrucelli, 46 F.3d at 1305. If, however, good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time. Rule 4(m); see Henderson v. United States, —— U.S. ——, ——, 116 S.Ct. 1638, 1643, 134 L.Ed.2d 880 (1996) (the Court recognized that in the 1993 amend-

---

**2.** It in fact ran before the defendants served Panaras with a copy of their answer on July 21, 1995.

**3.** Tuke was decided on February 9, 1996, and only Panaras' reply brief was filed after that date.

ments to the rules, courts have been accorded discretion to enlarge the 120–day period "even if there is no good cause shown" (citing Advisory Committee Note to Rule 4)). Thus, absent a showing of good cause, a district court must still consider whether a permissive extension of time is warranted. *Espinoza*, 52 F.3d at 841.

■ Here, it is undisputed that Panaras is unable to prove that he effected service on the defendants. Also, it seems clear that he did not, to the satisfaction of the district court, meet his burden of establishing good cause for failing to obtain service. *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir.1988). The court did not abuse its discretion in so finding. We think, however, that the court ended its inquiry too soon. At the motion for reconsideration hearing, the judge said:

> The issue of the good faith—or the good cause comes up as to whether I should, in a discretionary manner, grant the dismissal or whether I should allow additional time, because I should allow additional time if there's good cause shown. There was no good cause shown. That's where the good cause issue came up.
>
> So when you argue that you want to re-serve them, you never served them in the first place, so you can't re-serve them, and so that's it.

Presumably, had Panaras conceded that there was no service, the admitted fact of no service would have avoided the issue of re-service and possibly removed the obstacle to the court's exercise of discretion in Panaras' favor.

The district court here did not clearly consider, in the absence of good cause, whether a permissive extension of time for service was warranted under the facts of this case. The Advisory Committee Note to Rule 4(m) provides some guidance as to what factors a court may want to consider when deciding to exercise its discretion. Although the list is not exhaustive, the Committee explained:

> Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

Fed.R.Civ.P. 4(m), Advisory Committee Note, 1993 Amendments. Here, when the court granted the defendants' motion to dismiss, it declared its initial belief that the statute of limitations period had not run and Panaras could file a new complaint. Panaras responded that the 90–day period for filing a complaint had expired and, therefore, the court's dismissal without prejudice would, in effect, close the courthouse door to his claim. The court replied that the 90–day requirement was not before it for consideration.

■ The running of the statute of limitations does not require that a district court extend the time for service of process under the new rule. *Petrucelli*, 46 F.3d at 1306. Rather, absent a finding of good cause, a district court may in its discretion still dismiss a case even after considering that the statute of limitations has run. But because the statute of limitations (an extremely short one here) would bar a new complaint in this case (absent some sort of "relation back" theory applied to a new suit), it was incumbent upon the district court to fully consider this factor. When, as here, a lawyer has not waited until the end of a more generous statute of limitations before getting a suit going—the situation in *Tuke*—the fact that the suit cannot be resolved on the merits is a factor that must be given close attention.

Therefore, the judgment of the district court is REVERSED. We REMAND the case to the very able district judge for reconsideration in light of this opinion.