116 F.3d 1482
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Raymond L. PANARAS, Plaintiff-Appellant,
v.
LIQUID CARBONIC INDUSTRIES CORP., a Delaware corporation,
individually and as successor in interest to Liquid Carbonic
International Services Corp.; and CBI Industries, Inc., a
Delaware corporation, Defendants-Appellees.
 Nos. 96-3377, 96-3872.
 United States Court of Appeals, Seventh Circuit.
 Argued May 28, 1997.
Decided May 28, 1997
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 95 C 6521; James F. Holderman, Judge.
 Before POSNER, Chief Judge, ESCHBACH, and EVANS, Circuit Judges.
 
 ORDER
 
 1
 We assume familiarity with our decision in Panaras v. Liquid Carbonic Industries Corp., 94 F.3d 338 (7th Cir.1996), so we move right to the issue at hand. Following our reversal of the district court's judgment dismissing case number 95-C-2963, the court, on remand, entered the two judgments now before us on this second appeal. First, the court dismissed Raymond Panaras's backup complaint (case number 95-C-6521), which was admittedly filed after the statute of limitations had run. In entering final judgment in the backup case (the judgment was entered on August 26, 1996), the district judge rejected claims that Panaras was entitled to the benefit of equitable estoppel or tolling. In dismissing the original case on November 4, 1996, the judge concluded that he would not extend the time for service of process on the defendants as permitted by Rule 4 of the Federal Rules of Civil Procedure. Both decisions are challenged by Panaras, but, we deny his pleas and affirm the judgments.
 
 
 2
 Panaras's primary argument focuses on the district court's refusal, after the remand, to grant more time for him to serve the defendants with process under Rule 4. His argument, in two parts, is essentially that the district court did not properly follow our order--that is, the district judge refused to grant relief in the absence of good cause--and that, even if the rule was properly considered, the judge abused his discretion by not granting additional time for service. Both contentions fail.
 
 
 3
 Panaras says that the district court "ignored" our prior decision or at best only gave "lip service" to what we said. He says that Judge Holderman simply concluded that because no good cause was shown why the service defect should not be excused, Panaras was not entitled to discretionary relief under the rule.
 
 
 4
 Having reviewed the fill record, we conclude that Panaras's spin on the district judge's decision is wrong; the judge neither ignored our prior directive nor gave only lip service to it. It's true that the judge didn't spend a lot of time elaborating on his decision, but he did more than enough to convince us that he exercised his discretion under Rule 4. This was not the sort of situation that required a 16-part balancing test and/or a scholarly written opinion, for Panaras really had nothing going for his position except the mercy of the judge, and in this case the mercy pool was dry. Panaras's only plea--save him from the statute of limitations--wasn't enough to move the judge, who thought granting relief here would "encourage sloth." The running of the statute of limitations simply does not mean that a judge must grant relief to someone in Panaras's shoes. We do not find, on our review of the record, that Judge Holderman abused his discretion.
 
 
 5
 Panaras is also out of luck on the backup suit. A refiled action which follows a Rule 4 dismissal of a prior suit must independently satisfy the statute of limitations. Powell v. Starwalt, 866 F.2d 964 (7th Cir.1989); Robbins v. Bentsen, 41 F.3d 1195 (7th Cir.1994). No good reason exists in this case for allowing tolling doctrines to trump the general rule. The negligence of Panaras's counsel--not the actions of the defendants--created this mess, and Judge Holderman did not err when he refused to summon the doctrines of equitable estoppel or equitable tolling to the rescue.
 
 
 6
 AFFIRMED.