124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dallas JENKINS and Linda Jenkins, Plaintiffs-Appellants,
v.
CAROLINA FREIGHT CORP., et al., Defendants-Appellees.
 No. 96-2973.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 25, 1997.*
Decided July 31, 1997.
 
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. No. IP 95-1050-C-T/G John Daniel Tinder, Judge.
 Before RICHARD A. POSNER, Chief Judge, FRANK H. EASTERBROOK, Circuit Judge and DANIEL A. MANION, Circuit Judge.
 
 Order
 
 1
 Dallas and Linda Jenkins filed this suit under the diversity jurisdiction against Dallas's employer and its workers compensation carrier. The complaint asserted that the employer failed to settle the compensation claim quickly, and on terms favorable to Dallas, which (the plaintiffs asserted) created extra liability for "bad faith." Carolina Freight Corporation, the employer, operates a terminal in Indiana. Plaintiffs attempted to serve their complaint on Carolina Freight's registered agent, only to discover that it had none in Indiana. Instead of sending the complaint to the defendants by mail under Fed.R.Civ.P. 4(d)(2), or hiring a process server, plaintiffs did nothing. Eventually the district court dismissed the complaint under Rule 4(m). The statute of limitations prevents the Jenkinses from filing another suit, ant they ask us to reinstate the case.
 
 
 2
 Plaintiffs lack good cause for failing to accomplish service within the 120-day period established by Rule 4(m). Although Carolina Freight may have violated Indiana law by operating without a registered agent for service of process, this shortcoming would not have blocked service by mail. An integrated national economy offers many opportunities; horse-and-buggy service on local agents is no longer the only, or even a preferred, option; today mailings under Rule 4(d)(2) are preferred, because the costs are low. Plaintiffs do not say that they were unable to determine the address to which process could have been sent; as we have said, they did not pursue any option other than service on a local agent.
 
 
 3
 District courts have the authority to extend the 120-day period even without good cause, see Panaras v. Liquid Carbonic Industries Corp., 94 F.3d 338 (6th Cir.1996), and may use this power to prevent the running of a statute of limitations. But they are not required to do this, as plaintiffs appear to believe; discretion is not obligation. It was not only other options for service that the plaintiffs ignored; it was the court itself. On discovering that Carolina Freight lacked a local agent, plaintiffs did not alert the judge and seek an extension of time. They did nothing. The court issued an order to show cause why the case should not be dismissed. Four months passed; the plaintiffs did not reply, and the judge dismissed the case. Later counsel said that he had not received a copy of the order, and the judge reinstated the suit--but even then plaintiffs did not serve the defendants. Only after a further two months had passed without action on plaintiffs' behalf did the judge terminate the suit. Condoning these tactics would have made Rule 4(m) a dead letter. Dismissal was within the court's discretion.
 
 AFFIRMED
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)