In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1524

ALEXANDER BLANEY,

Plaintiff-Appellant,

v.

TOGO D. WEST, JR., Secretary
of the Department of the Army,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 98 C 18--Rudolph T. Randa, Judge.

Argued November 3, 1999--Decided April 12, 2000

Before POSNER, Chief Judge, COFFEY and ROVNER,
Circuit Judges.

ROVNER, Circuit Judge.  Alexander Blaney filed an
age discrimination suit against the Department of
the Army, but failed to properly serve the
defendant. The district court dismissed the case
sua sponte because of the service defect. Blaney
sought to correct the problem by refiling and
reserving the suit, but the statute of
limitations had passed, and that suit was
dismissed as well. Blaney followed up with a Rule
60(b)(4) motion for the first suit, claiming the
judgment was void because he had not received
notice before the court entered the dismissal.
The district court denied the motion and Blaney
appeals. We affirm.
I.

Blaney, a 54-year-old disabled veteran, applied
for a number of warehouse positions with the
Department of the Army in 1990. Blaney believed
he was more qualified for the jobs than the 39-
year-old and 41-year-old men who were eventually
hired for two of the positions, and Blaney
therefore decided to sue the Army. For seven
years, he proceeded pro se through the
administrative processes of both the Army and the
EEOC, receiving unfavorable rulings in both of
those forums. The EEOC issued its final
administrative denial on December 5, 1997,

sending Blaney a right-to-sue letter detailing the procedure for him to follow if he wished to pursue a claim against the government in federal court. Blaney doubted his ability to proceed pro se at that point, and hired an attorney to file the suit. Blaney's counsel filed the suit on January 9, 1998.

Unfortunately, Blaney's counsel had never sued a federal government agency before, and when it came time to serve the defendant, counsel misapprehended part of the right-to-sue letter. The letter advised:

If you file a civil action, YOU MUST NAME AS THE DEFENDANT IN THE COMPLAINT THE PERSON WHO IS THE OFFICIAL AGENCY HEAD OR DEPARTMENT HEAD, IDENTIFYING THAT PERSON BY HIS OR HER FULL NAME AND OFFICIAL TITLE.

R. 1, attachment (emphasis in original). Counsel read this statement in conjunction with Rule 4 of the Federal Rules of Civil Procedure, and decided that service was governed by Rule 4(e), "Service Upon Individuals Within a Judicial District of the United States." Using this rule as his guide, counsel served Togo West, the Secretary of the Department of the Army. He filed proof of service with the trial court and sent a courtesy copy to the Office of General Counsel, Department of the Army, at the Pentagon.

On March 25, 1998, after 60 days passed from the time of service, and having received no answer or response of any kind from the defendant, counsel filed a motion for entry of default judgment based on the non-appearance of the defendant. A few weeks later, counsel received a letter from the local United States Attorney's office, explaining that counsel had improperly served the government. The letter, which was also delivered to the district court, explained that the plaintiff had not effected service properly under Rule 4(i), "Service Upon the United States, and Its Agencies, Corporations, or Officers." Rule 4(i) required the plaintiff to serve the United States Attorney in the district in which the case was filed, and also required the plaintiff to serve the Attorney General of the United States, neither of which Blaney had accomplished. The letter indicated that the U.S. Attorney's office had reviewed the court file and was aware of Blaney's motion for a default judgment, which was improper in light of the plaintiff's failure to properly serve the government. The letter anticipated that Blaney's counsel would withdraw the application for default judgment, and would serve the United States properly with copies of the summons and complaint pursuant to Rule 4(i).

Inexplicably, Blaney's counsel did not investigate further. He believed that service was proper, that the letter from the U.S. Attorney's office constituted an appearance, and that withdrawing the application for a default motion would essentially resurrect the Army's defense after Blaney had already obtained a judgment. Counsel also mistakenly believed that if there was a defect in the proof of service or the motion for a default judgment that he had filed with the district court, the court would have rejected those documents. Encouraged by the silence of the district court and confident of his interpretation of the right-to-sue letter, Blaney's counsel did nothing for two months. In early June 1998, counsel suddenly began to consider the possibility that the government was right, and that he should have served the government using Rule 4(i) instead of 4(e). But still, counsel did nothing. In mid-June, he called the Assistant United States Attorney who authored the letter and left a message suggesting that some progress could be made on the case and that the parties could perhaps enter into a stipulation. The AUSA did not respond to the message and a few weeks later, on June 30, 1998, the district court dismissed the case sua sponte for failure to serve the defendant.

Blaney did not appeal that dismissal and did not file a Rule 59(e) motion to alter or amend the judgment. Although the statute of limitations had run, Blaney's counsel refiled the case the very next day, believing the statute of limitations had been tolled by the filing of the original complaint. The refiled case was assigned to a different district court judge. This time, Blaney served the government pursuant to Rule 4(i), and the government promptly moved to dismiss the case on the grounds that more than 90 days had passed since the issuance of the right to sue letter. The second district court granted this motion to dismiss in October 1998. A few days later, Blaney filed a Rule 60(b)(4) motion in the first case, contending that the judgment was void because it was entered without notice and an opportunity to respond and therefore was entered without due process. The first district court denied the motion, and it is that denial that Blaney appeals here.

II.

Blaney frames the issues on appeal as two-fold: first, he contends that the district court abused its discretion by failing to find that the June 30, 1998 judgment, dismissing the case sua sponte, was void as a matter of law. Second, Blaney charges that the district court abused its

discretion by failing to fully consider and sufficiently balance the equities, which he claims favored allowing him to re-serve the complaint, under Panaras v. Liquid Carbonic Industries Corp., 94 F.3d 338 (7th Cir. 1996). The government counters that the judgment was not void because Blaney was on notice from the government that he had failed to effect proper service, and that he had an opportunity to respond after the court entered the judgment but declined to use that opportunity. The government also contends that Blaney did not preserve the second issue because he did not appeal the district court's original sua sponte dismissal within the time allotted by the Federal Rules of Appellate Procedure. According to the government, Blaney may not therefore raise his Panaras argument in this Court, but may appeal only the denial of the Rule 60(b)(4) motion.

Blaney cites Panaras for the proposition that the district court must consider whether a permissive extension of time is warranted under the equities even when the plaintiff cannot show good cause for failure to effect proper service. Panaras indeed holds that even absent a showing of good cause, the district court must still consider whether a permissive extension of time is warranted. 94 F.3d at 341. That case also sets forth certain factors the district court may want to consider in exercising its discretion, including whether the statute of limitations would bar any refiled action. Blaney argues that the district court did not fully consider the equities, instead focusing its attention only on the factors that disfavored a permissive extension. Blaney urges us to find that the district court abused its discretion by not considering the facts in Blaney's favor, namely that he is a disabled veteran, that his counsel's mistake was made in good faith, that he proceeded for seven years pro se only to have his case dismissed on a technicality. But the government is correct. Blaney did not preserve this issue because he did not appeal the district court's June 30, 1998 ruling. See Browder v. Director, Dept. of Corrections of Illinois, 434 U.S. 257, 263 n.7 (1978) (appeal from denial of Rule 60(b) motion does not bring up the underlying judgment for review). Instead, he chose to refile the action even though the statute of limitations had passed. He did not bring a Rule 59(e) motion, which would have tolled the time for him to file his appeal. See Mares v. Busby, 34 F.3d 533, 535 (7th Cir. 1994). He waited until the second district court dismissed the second action, and then took his chances on a Rule 60(b)(4) motion. He is now limited to that motion as to what he may argue before this Court.

His Rule 60(b)(4) motion is as ill-fated as his Panaras argument. Rule 60(b)(4) provides that a court may relieve a party from a final judgment if the judgment is void. "A judgment is not void unless the court that rendered it lacked jurisdiction or acted in a manner inconsistent with due process of law." Webb v. Dick James Ford, 147 F.3d 617, 622 (7th Cir. 1998). Generally, we review the district court's Rule 60(b) decisions for abuse of discretion. See Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398, 400 (7th Cir. 1986). However, for a Rule 60(b)(4) motion, district courts have little leeway. Once a district court decides that the underlying judgment is void, the trial judge has no discretion and must grant the appropriate 60(b) relief. Id. It is a per se abuse of discretion to deny a Rule 60(b)(4) motion when the trial court has no jurisdiction over the action. See also United States v. Indoor Cultivation Equipment from High Tech Indoor Garden Supply, 55 F.3d 1311, 1316-17 (7th Cir. 1995) (broad discretion ordinarily applicable in Rule 60 (b) motions does not apply to 60(b)(4) motions; because void judgments are legal nullities, district courts have little leeway and if the underlying judgment is void, it is a per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)). Blaney contends that the judgment here is void because it was entered without notice and an opportunity to be heard. The rule under which the district court dismissed provides:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or shall direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. Pro. 4(m). Blaney posits that under the plain language of this rule, the district court was required to notify him before it dismissed the lawsuit, and that due process additionally required that he be given an opportunity to respond.

The government responds that its letter sufficed as notice to Blaney that service had not been effected properly, and that the judgment itself also fulfilled the notice requirement. Blaney could have responded once the judgment was entered by filing a motion to reconsider, according to the government. Two other circuits

have held that when a plaintiff has an opportunity to request reconsideration, the plaintiff is not prejudiced by the district court's failure to provide advance notice of its intention to dismiss for defective service. See Ruiz Varela v. Sanchez Velez, 814 F.2d 821, 823 (1st Cir. 1987) (trial court's order of dismissal itself gives plaintiff notice and an opportunity to respond where plaintiff had an opportunity to file and did file a motion for reconsideration following dismissal for defective service); Whale v. United States, 792 F.2d 951, 952-53 (9th Cir. 1986) (plaintiff not prejudiced by lack of notice when plaintiff had an adequate opportunity to demonstrate good cause in Rule 60(b) motion following dismissal). But see Smith-Bey v. Cripe, 852 F.2d 592, 593 (D.C. Cir. 1988) (sua sponte dismissal for failure to effect service without actual or constructive notice as to impending dismissal was error where plaintiff did not move for reconsideration because of pro se status, and thus had no real opportunity to respond). Although we agree that the better course is for the district court to give actual notice before entering an order dismissing the case, we join the First and Ninth Circuits in finding that where the plaintiff was not prejudiced by the lack of notice, the error is harmless. See Ruiz Varela, 814 F.2d at 823.

In the instant case, Blaney had two opportunities to ask the court to reconsider its decision. He could have filed a Rule 59(e) motion to alter or amend the judgment within 10 days of the entry of the judgment. He chose not to do so. He also had an opportunity under Rule 60(b) to ask the court to relieve him from a final judgment, and he did take advantage of that opportunity, filing a motion under Rule 60(b)(4). The district court considered Blaney's arguments in full, noting that Blaney conceded he did not have good cause for his failure to properly effect service, and noting that the statute of limitations had run. The district court was not persuaded on balance that Blaney should be relieved of the judgment because he inexplicably ignored the letter from the U.S. Attorney's office explaining his error and continued to "affirmatively neglect" his obligation under Rule 4. Because Blaney was not prejudiced by the district court's failure to provide notice before the dismissal, we find that the error was harmless. The lack of notice before the entry of the judgment certainly did not rise to the level of a violation of due process in this case because Blaney received notice from the judgment itself and had ample opportunity after the entry of the judgment to make his case to the district court. Therefore, the judgment was not void.

AFFIRMED.