

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-11-2005

# Constr Drilling Inc v. Chusid

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3786

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Constr Drilling Inc v. Chusid" (2005). *2005 Decisions*. Paper 1218.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1218

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-3786

———

CONSTRUCTION DRILLING, INC., THOMAS R. CROFTS, STEPHEN L. ABASHER

v.

EUGENE G. CHUSID; BORIS G. CHUSID;
SVETLANA B. CHUSID, a/k/a Lana Chusid,
a/k/a Sveltlana Ivanov; GREGORY K. CHUSID;
EUGENE BENDER; ALFRED KRUGER, a/k/a Adolf Kruger;
MICHAEL SWARTZ; INTL FIN HOLDINGS, d/b/a
Caribbean Bank of Commerce, a/k/a Intl Fin Holdings;
CARIBBEAN BANK OF COMMERCE; GLOBAL UNDERWRITERS;
THE WORLD WIDE TRADING GROUP OF COMPANIES, INC.,
a/k/a World Wide Trading Group, Inc.; IEIEC WORLD HQ
CORP, a/k/a IEIEC Inc Grp Co, a/k/a Import Export
International Engineering Co.; ALL AMERICAN SPORTS BAR
& GRILL, a/k/a The Russian White House Restaurant, Inc.,
LIBERTY INTL CANADA; AMADON-RDC, INC.; SMDM&E LTD; WORLD
US FIN SER, a/k/a World US; EUGENE H. CHANCE; JAMES H.
CHANCE; PLANAR, S.A.; NIKOLAY MATTEV NIKOLOV

BORIS G. CHUSID,
Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 99-3352)
District Judge: Honorable William H. Walls

———

Argued November 1, 2004

Before: ALITO, FUENTES, and BECKER, <u>Circuit Judges</u>.

(Filed:  May 11, 2005)

———

Eric R. Breslin (Argued)
Duane Morris LLP
744 Broad Street, Suite 1200
Newark, New Jersey 07102-3889

ATTORNEY FOR APPELLANT

Thomas Weisenbeck
Michael Connolly (Argued)
Bressler, Amery, & Ross
P.O. Box 1980
Morristown, New Jersey 07962

ATTORNEY FOR APPELLEES

———

OPINION OF THE COURT

———

FUENTES, <u>Circuit Judge</u>.

Defendant-Appellant Boris Chusid appeals an order of the United States District Court of New Jersey, denying his motion made pursuant to Fed. R. Civ. P. 60(b).  The motion included a request for a stay of a judgment entered against him by a District Court in Texas in a different, but related, legal action.  We affirm the decision of the New Jersey Court denying Chusid's motion.

2

## I. FACTS

Chusid and members of his family were embroiled in two different financial schemes giving rise to two separate legal actions. One action, commenced by Appellees Thomas Croft, Construction Drilling Inc., and Stephen Absher (collectively referred to hereinafter as "Construction Drilling"), was filed in the District Court of New Jersey and complained that Chusid, and members of his family, used sham corporations to defraud Construction Drilling. The other action, commenced by the Securities and Exchange Commission (SEC), was a receivership action filed in the United States District Court for the Northern District of Texas and was related to a pyramid scheme in which members of the Chusid family were involved.

### A. The New Jersey Action

In July 1999, Construction Drilling commenced an action in the District Court of New Jersey ("the New Jersey Court") against members of the Chusid family, including Boris Chusid, and companies owned by the family ("the New Jersey Action"). The basis of the complaint is that the Chusid family used sham corporations in order to steal money from Construction Drilling. Specifically, the Chusids created a "bank" in which Construction Drilling "deposited" money, only to have it diverted though other sham corporations for the family's benefit. The New Jersey Court immediately granted a motion to freeze the family's assets and to attach certain commercial and residential properties located in New Jersey. In December 2000, Construction Drilling filed a motion for summary judgment on its claims,

which was opposed by the Chusids.  The New Jersey Court denied Construction Drilling's summary judgment motion against Chusid, except as to an unjust enrichment claim, for which Construction Drilling was awarded over $350,000 (jointly and severally against all defendants).  The New Jersey Court issued a lengthy opinion detailing the open factual questions that mandated the denial of summary judgment on most claims.

## B. The Texas Action

Meanwhile, in August 2000, the SEC commenced an action in the United States District Court for the Northern District of Texas ("the Texas Court") against Eugene Chusid, among others.  Boris Chusid was included as a "relief defendant"[1] ("the Texas Action").  The Texas Action focused on another fraudulent scheme involving the Chusid family–this time a pyramid scheme.  The Texas Court appointed a Receiver who then instituted proceedings to recover funds that the Chusids transferred to Luxembourg in violation of a restraining order.  Appellee Croft filed a claim against the assets held by the Receiver involving New Jersey real estate owned by the Chusids ("the New Jersey property").  The Receiver accepted the claim and later approved its settlement.  Subsequently, the Receiver filed a motion requesting the Texas Court to approve the settlement.  While the Receiver's motion acknowledged that the Chusids would probably oppose this motion, the Chusids maintain that the Receiver did not confer with their attorney regarding the motion as is required by the

---

[1] The record does not define this term.

4

Local Rules for the Texas Court.[2] The Chusids also maintain that the Texas Court's local rules were violated when the Texas Court ordered Croft to take judgment against the Chusids in the amount of $2,400,000, three days after the motion was filed, instead of giving the Chusids 20 days to respond.[3] Notably, the Chusids did not seek leave to file papers out of time, file a motion for reconsideration, or file a notice of appeal to the Fifth Circuit. Additionally, the Texas judgment was not registered with the New Jersey Court.

To effectuate the Texas judgment, Construction Drilling requested that the New Jersey Court issue an order discharging the attachments and restraints ("discharge order") on the New Jersey property. The New Jersey Court granted the request. Thereafter, the Chusids filed a motion, pursuant to Fed. R. Civ. P. 60(b) ("60(b)") to (1) stay the Texas Order and (2) to deny or stay (until the conclusion of the New Jersey action) Construction Drilling's application regarding the New Jersey property (henceforth referred to as "Chusid's motion").[4] The New Jersey Court denied this motion and held that the Texas judgment in

---

[2] Local Rule 7.1(a) of the Northern District of Texas provides:

> [b]efore filing a motion, an attorney for the moving party must confer with an attorney for each party affected by the requested relief to determine whether the motion is opposed.

[3] Local Rule 7.1(e) of the Northern District of Texas provides:

> [a] response and brief to an opposed motion must be filed within 20 days from the date the motion is filed.

[4] While the memorandum in support of Chusid's memo requests that the New Jersey Court stay or deny the application for discharge, the New Jersey Court had already ordered that all restraints and attachments

favor of Croft was valid and enforceable.

## II. JURISDICTION

The parties disagree over the existence of appellate jurisdiction. Denials of motions made pursuant to 60(b) are held to be appealable final orders under 28 U.S.C. § 1291. See Green v. White, 319 F.3d 560, 563 n.2 (3d Cir. 2003). While we recognize that Chusid's motion is an atypical 60(b) motion, we conclude that orders from 60(b) motions constitute appealable final orders when "[t]he denial of this motion would dispose, finally, of the charge and ...wrap up all matters pending on the docket."[5] See Torres v. Chater, 125 F.3d 166, 168 (3d Cir. 1997) (citing favorably Kapco Manufacturing Co. v. C & O Enter., 773 F.2d 151, 153 (7th Cir. 1985)); Penn W. Assocs. v. Cohen, 371 F.3d 118, 123-24 (3d. Cir. 2004). In the instant case, the New Jersey Court's denial of the motion to stay terminated all litigation on the docket for the New Jersey action thus qualifying the denial of this unorthodox 60(b) motion as an appealable final order.

## III. DISCUSSION

The principal issue raised on appeal is whether the New Jersey Court erred in denying

---

on the New Jersey property be discharged. Thus, the motion would probably best be construed as a motion for a stay of the order discharging the attachments and restraints.

[5] It is more typical that a motion to stay an enforcement of a judgment be brought pursuant to Fed. R. Civ. P. 62.

6

Chusid's motion for a stay of the Texas order and/or a stay of the discharge application.[6]

Chusid argues generally that by denying the motion, the New Jersey Court abused its discretion in three ways. Chusid first argues that the stays were required to accomplish justice pursuant to 60(b)(6) because of the extreme hardship imposed on him by the Texas Order. Chusid next argues that the New Jersey Court abused its discretion by refusing to hear evidence supporting the motion. Finally, Chusid argues that the stays were required pursuant to 60(b)(4) because the Texas Order violated due process.[7] We address each of Chusid's arguments in turn.

## A. The Abuse of Discretion Standard

We review the request for a stay based on 60(b)6 under an abuse of discretion

---

[6]During oral argument, the Judge stated to Chusid's attorney "you have no standing." The Judge's conclusion, however, was not based on standing analysis, nor is Chusid's argument with regard to the second issue on appeal. While Chusid claims to be arguing that he has standing, he is actually making prudential argument as to why it was appropriate for him to file the 60(b) motion in the New Jersey Court. He offers the following reasons: 1) the statutory language of 60(b); (2) equitable considerations, specifically, the familiarity of the New Jersey Court with the matter, and 3) the first filed rule.

There is no question that in certain circumstances, a 60(b) motion is appropriately filed in a court other than the rendering court. That is not the issue before us. The issue before us is whether the New Jersey Court's decision to deny the 60(b) motion should be reversed. The fact that Chusid could file a 60(b) motion before the New Jersey Court has nothing to do with whether or not the New Jersey Court should have granted it. Because we are affirming the New Jersey Court's denial, there is no need to expound upon any standing or otherwise procedural issues.

[7]We note that the standard of review for motions brought under 60(b)(4) is plenary, not abuse of discretion.

7

standard. Generally, an abuse of discretion may be found in a denial of a 60(b) motion when "the District Court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." Int'l Union, UAW v. Mack Trucks, Inc., 820 F.2d 91, 95 (3d Cir. 1987).

## B. The Motion Made Pursuant to 60(b)(6)[8]

Rule 60(b)(6) is the catch-all provision of 60(b). It states that relief can be provided from an order "for any other reason justifying relief from the operation of the judgment" not before mentioned. Fed. R. Civ. P. 60(b)(6). "Legal error does not by itself warrant the application of Rule 60(b). . . . . Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6)." Martinez-McBean v. Gov't of Virgin Islands, 562 F.2d 908, 912 (3d Cir. 1977). We have "consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." In re Fine Paper Antitrust Litig., 840 F.2d 188, 194 (3d Cir. 1988) (internal quotations omitted).

Chusid maintains that the instant situation constitutes exceptional circumstances because the Texas Court approved the settlement between the Receiver and Construction Drilling without giving him an opportunity to be heard. And in so doing, it usurped the

---

[8]While it is somewhat unclear whether both components of Chusid's motion is based on 60(b)(6), we are presuming from the arguments made that Chusid justifies only the stay of the Texas Order on the basis of 60(b)(6).

power of the New Jersey Court.[9] We disagree. The New Jersey Court apparently recognized that the Texas Order conflicted with the New Jersey Court's partial denial of summary judgment. However, the New Jersey Court viewed the Texas Order not as an usurpation of power, but rather as a settlement between the Receiver and Construction Drilling. Moreover, the Receiver was given vast powers in the Texas action to marshal assets and Chusid offers no evidence that the Receiver exceeded the scope of his power by entering into such a settlement or that the Texas Court was required to consult with him under its local rules.

Because Chusid has not established a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact, there is no reason to find that the New Jersey Court abused its discretion by denying the motion for stay pursuant to 60(b)(6).

### C. Refusal to Hear Evidence

At the outset, we note that refusing to hear evidence, without more, does not constitute a "clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact" as is required for a finding of abuse of discretion in a 60(b) case. Thus, even assuming that Chusid's characterization of the New Jersey Court's action is correct, it still would not rise to the level of an abuse of discretion.

Chusid's characterization, however, seems inaccurate. According to the transcript, the New Jersey District Judge did display familiarity with the issue at hand. The Judge quoted from a well-respected treatise on the topic, cited a Seventh Circuit case, and

---

[9]This is essentially the same argument Chusid makes with regards to the due process claim discussed later in the opinion.

accurately pointed out that the instant case did not qualify under the exception which permits a registering court,[10] as opposed to a rendering court, to hear the 60(b) motion.[11]  The Judge also asked Chusid's attorney for any cases supporting his position.  None were provided.  In these circumstances, we find no abuse of discretion.

### D. Motion Made Pursuant to 60(b)(4)[12]

Relief under 60(b)(4) is appropriately sought when the a judgment is void.  A judgment can be voided on two grounds: (1) if the rendering court lacked subject matter jurisdiction or (2) if it acted in a manner inconsistent with due process of law.  Wright & Miller, Federal Practice and Procedure § 2862.

---

[10]A court that is not the one which rendered the underlying issue, but one in which another court's decision is registered.

[11]The New Jersey Judge quoted the following from Wright & Miller:
Relief under Rule 60(b) ordinarily is obtained by motion in the court that rendered the judgment.  If a judgment obtained in one district has been registered in another district, as provided by Section 1963 of Title 28, it is possible that the court in the district of registration has jurisdiction to hear a Rule 60(b) motion.  Indeed, several courts have ruled that it is proper for the registration court to entertain a Rule 60(b) motion when the basis for the motion is that the judgment is void for a lack of jurisdiction.

11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2865 (1973).

The New Jersey Court further noted that the Texas Order had not been registered in the New Jersey district.

[12]While Chusid does not specify which component of his motion is based on Rule 60(b)(4), his argument suggest that it is only applicable to the request to stay the Texas Order.

While 60(b)(4) motions are ordinarily raised in the court that rendered the decision, they can be raised elsewhere. For example, a number of Courts of Appeals have approved a registering court's reliance on Rule 60(b)(4) to void a judgment when the judgment involved a default judgment and the rendering court was without jurisdiction over the defendant. See Harper Macleod Solicitors v. Keaty & Keaty, 260 F.3d 389, 394-95 (5th Cir. 2001). As there is no dispute that the Texas Court has jurisdiction over the Chusids, the only basis under 60(b)(4) for voiding the Texas Order is if it is shown to violate due process. See Wright & Miller, Federal Practice and Procedure § 2862.

While most motions made pursuant to Rule 60(b) may be reversed only for an abuse of discretion, determinations that a judgement is void under 60(b)(4) are subject to plenary review. See Boughner v. Secretary of Health, Educ. and Welfare, 572 F.2d 976, 977 (3d Cir. 1978). As noted by the Second Circuit, "under Rule 60(b)(4) a deferential standard of review is not appropriate because if the underlying judgment is void, it is a per se abuse of discretion for a District Court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)." Cent. Vermont Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 189 (2d Cir. 2003) (internal citations and quotations omitted).

Local Rule 7.1(e) of the Northern District of Texas states that a response and brief to an opposed motion must be filed within 20 days from the date which the motion is filed. We presume, without deciding, that the Texas Court violated Local Rule 7.1 when it approved the settlement three days after a motion seeking approval was filed. We have not considered

11

whether a rendering court's failure to follow its own local rules constitutes a due process deprivation upon which relief from judgment could be granted.

Two Courts of Appeals, when confronted with a similar issue, reached different results. In United States v. 1982 Sanger 24' Spectra Bd., a forfeiture proceeding, the district court, contrary to its local rules, struck petitioners' claims and their answer to the verified complaint without allowing petitioners to reply to the Government's motion. 738 F.2d 1043 (1984). In considering whether the district court committed an act upon which a Rule 60(b) motion can be based, the Ninth Circuit held that "although a failure to follow a local rule may not rise to the level of a due process violation, nonetheless when the effect is conclusively to dispose of a claim, failure to provide notice is a serious procedural irregularity which in this case justifies relief from judgment under Rule 60(b)." Sanger, 738 F.2d at 1046. The Ninth Circuit concluded that the claimants were entitled to relief from judgment pursuant to 60(b)(4).

The Seventh Circuit, however, issued a somewhat contrary ruling in Blaney v. West, 209 F.3d 1027 (7th Cir. 2000). In Blaney, the District Court dismissed the plaintiff's case sua sponte because of a service defect. While the plaintiff attempted to correct the problem by refiling and reserving the suit, the second suit was also dismissed because the statute of limitation had expired. The plaintiff filed a Rule 60(b)(4) motion for the first suit, claiming the judgment was void because he had not received notice before the court entered the dismissal. Id. The Seventh Circuit concluded that the plaintiff's failure to receive notice

12

before the judgment entry did not rise to the level of a violation of due process because the plaintiff received notice from the judgment itself and had ample opportunity to move for reconsideration of the judgment. Id. at 1032. We find the reasoning of the Seventh Circuit in Blaney more analogous to this case.

Here, the Texas Court approved the settlement between Appellee Croft and the Receiver three days after the Receiver moved for approval. The settlement terms included Crofts taking judgment on all counts of the complaint in the New Jersey Action in the amount of $240,000.

There was ample time between the date that the Texas Order was issued and when the New Jersey Court discharged the attachment and restraints on the New Jersey property for Chusid to seek a stay or otherwise make his case before the Texas Court. In the Texas Court, Chusid could have filed a motion for reconsideration, a Rule 62 motion, a Rule 60(b) motion, or an appeal to correct any harm suffered by Chusid's inability to respond to the proposed settlement. The Chusids knew that the Receiver was marshaling their assets, which included the New Jersey property. The Chusids are not challenging the Receiver's authority to take control of the New Jersey property, but, instead are challenging the Receiver's decision to use the New Jersey property to settle the claims that Croft has against the assets held by the Receiver. Any objections the Chusids may have had to the settlement are independent of any claim they would have against the Receiver. Here, the Texas Court's approval of the settlement within three days simply does not rise to the level of a due process

13

violation. Therefore, we conclude that the Texas Court's actions do not provide the basis for relief pursuant to 60(b)(4).

In sum, we affirm because the New Jersey Court was within its sound discretion to deny Chusid's Rule 60(b)(6) motion and because the action of the Texas Court does not render the  Texas Order voidable pursuant to 60(b)(4).

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary.  Accordingly, the judgment of the District Court will be affirmed.