**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 29, 2005[*]
Decided November 30, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-2601

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| *v.* | |
| | No. IP 99-347-C-B/S |
| JOHN W. BARTLE, *Defendant-Appellant.* | Sarah Evans Barker, *Judge.* |

**O R D E R**

John W. Bartle owes the United States more than $1 million in delinquent taxes. Despite promises to pay and extensive judicial supervision, Bartle has evaded collection of this debt for many years by engaging in what the district court

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

characterized as a "shell game."  To curtail Bartle's evasive tactics and to impose order upon his purposeful financial "chaos," the district court appointed a receiver. Bartle appeals this appointment, and we affirm.

On November 2, 1999, the district court entered an agreed judgment against Bartle and in favor of the United States in the amount of $1,378,420 plus interest. After Bartle failed to make even one payment in compliance with the judgment, he entered into an "Agreed Order on Installment Payments and Disclosures," dated December 17, 2001.  Under this order, he agreed to provide the government with monthly statements, sworn to be truthful, disclosing all money he received and to pay to the government each month all but $3,000 of those receipts.  When the government discovered that Bartle failed to comply with this order as well, it moved for an order to show cause why Bartle should not be held in contempt and sanctioned.

At the show cause hearing, the government presented evidence that following entry of the court's December 17, 2001 order, Bartle shuffled over $1 million among various personal checking accounts, corporate accounts, and credit cards to thwart the government's collection efforts.  From December 2001 through July 2004, the government explained, Bartle fraudulently underreported his receipts and failed to pay to it nearly $435,000 of those receipts as required by the court's order.

Bartle asserted that the balk of the funds he failed to report or turn over to the government were merely reimbursements for expenses he originally paid out-of-pocket on behalf of his business entities.  He maintained that he did not intend to defraud the government when he omitted the reimbursed amounts from his sworn monthly statements and insisted that he believed those amounts were exempt under the court's order.  He admitted, however, that his personal expenses exceeded the $3,000 a month limit and that he had been "fudging" his statements to the government.

The court found Bartle's denials of fraud not credible, stating that Bartle chose to "confuse and commingle" to avoid the court's judgment.  The district court then discussed at length its inability to secure Bartle's voluntary payment of his debt to the government and the necessity of placing Bartle's finances under control of a court-appointed third party.  Both the court and the government suggested a receivership.  In response, Bartle admitted his finances were confusing, agreed to "any degree of separation to make it work for the Government," and indicated a preference for bankruptcy.  The district court reserved ruling on the government's motion and instructed the parties to modify the payment agreement to allow for court monitoring of Bartle's financial affairs.  It further directed the parties to file the modification or, alternatively, a status report with the court within 30 days.

Instead of complying with the district court's order, Bartle filed for bankruptcy. Once the automatic stay was lifted, the government moved for appointment of a receiver, and the district court granted that motion.

Bartle, who is *pro se* on appeal, first contends that the district court wrongly appointed a receiver when it applied federal, not Indiana, law in making the appointment. Bartle is wrong. Appointment of a receiver is authorized by the inherent equitable power of a federal court. *In re McGaughey*, 24 F.3d 904, 907 (7th Cir. 1994). We review the district court's appointment of a receiver for abuse of discretion. *Id.* at 908.

Federal courts may appoint a receiver to manage a defendant's assets during litigation; a receiver is especially appropriate "in cases involving fraud and the possible dissipation of assets since the primary consideration in determining whether to appoint a receiver is the necessity to protect, conserve and administer property pending final disposition" of the suit. *Id.* at 907. In this case, the district court policed Bartle's shenanigans over several years, listened to his excuses, and ultimately determined that Bartle was untrustworthy and intentionally avoiding the government's collection of its judgment. With ample evidence in the record to support the district court's decision, we conclude that the district court did not abuse its discretion when it appointed a receiver for Bartle. *See id.* at 905-908; *see also Consol. Rail Corp. v. Fore River Ry.*, 861 F.2d 322, 327 (1st Cir. 1988).

Bartle also argues that the district court denied him due process of law because, he says, it appointed a receiver without providing him notice or a hearing. But the district court discussed with Bartle at the show cause hearing the possible appointment of a receiver. In response, Bartle stated merely that he preferred to file for bankruptcy. Because Bartle had notice and an opportunity to respond to the issue of a receiver at the show cause hearing, Bartle was due no further process on that question once the bankruptcy stay was lifted. Moreover, even if the district court had appointed a receiver without adequate notice to Bartle, such oversight would be harmless because, absent any persuasive claim that the receiver's appointment was an abuse of discretion, Bartle cannot show any substantive injury. *See United States v. O'Connor*, 291 F.2d 520, 524 (2d Cir. 1961); *cf. Blaney v. West*, 209 F.3d 1027, 1032 (7th Cir. 2000) (finding harmless error where district court dismissed case without notice but no prejudice to plaintiff resulted).

AFFIRMED.