UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 25, 2006[*]
Decided September 26, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-4081

| | |
|---|---|
| JAN CRAMER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of Wisconsin. |
| *v.* | No. 05-C-311-S |
| JAMES SCHROEDER, et al., | John C. Shabaz, |
| *Defendants-Appellee*s. | *Judge.* |

**O R D ER**

In this action under 42 U.S.C. § 1983, federal inmate Jan Cramer claimed that a deputy United States marshal, several jail guards, and medical staff working for a private contractor failed to promptly diagnose and treat his leukemia while he was housed in a county jail awaiting sentencing in federal court. At initial screening, *see* 28 U.S.C. § 1915A(a), the district court allowed Cramer to proceed against the deputy marshal, three guards, and three nurses. The court later granted summary judgment for the deputy and guards but dismissed the complaint

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed. R. App. P. 34(a)(2).

without prejudice as to the nurses because Cramer never served them with process. We affirm the judgment.

Deputy Marshal Kirchenwitz and jailers Buzick, Schroeder, and Sims are the four defendants who were dismissed at summary judgment; we recount the facts relevant to them in the light most favorable to Cramer. *See Alexander v. City of South Bend*, 433 F.3d 550, 552 (7th Cir. 2006). From March 12 through June 4, 2002, Cramer was confined at the Dane County Jail in Madison, Wisconsin, pursuant to an agreement between the United States Marshals Service and the county sheriff. In early April he began experiencing dizziness, headaches, and blurred vision, and at some later point he also experienced rectal bleeding. Cramer was evaluated by jail medical personnel, who, among other things, scheduled him to see an ophthalmologist on April 23. That appointment, however, was rescheduled for April 30 because Cramer was due in federal court that day. When Kirchenwitz transported him from the jail to court on April 23, Cramer complained that he had a bad headache and thought he was going blind. Four days later, on April 27, Cramer tendered a written request for medical attention for his vision problems to Buzick, who delivered the request to the nursing staff. Later that same day Cramer also told Schroeder that he was having difficulty seeing and had a headache, and Schroeder likewise contacted a nurse. Finally, just before midnight on April 29, Cramer informed Sims that he felt faint and nauseous, and Sims too summoned a nurse. Cramer saw the ophthalmologist the next day. That visit, according to Cramer, prompted more tests and the discovery of leukemia. Cramer, who waited to sue until May 2005, does not say whether his condition was treated successfully.

On appeal Cramer makes four arguments. First he contends that the district court should have compelled the jail guards to produce copies of both his written requests for medical care and the grievances he later submitted complaining about the treatment he received. Prior to summary judgment the court had directed the guards to provide Cramer with copies of the documents, but they replied that no additional records could be located. If Cramer was not satisfied with this answer, he should have moved to continue the deadline for responding to the motions for summary judgment and submitted an affidavit setting forth, in detail, the missing discovery and the information it would have provided. *See* Fed. R. Civ. P. 56(f); *Deere & Co. v. Ohio Gear*, No. 05-1990, 2006 WL 2473421, at *4 (7th Cir. Aug. 29, 2006). Instead he waited until two months after judgment was entered before moving to compel production. By then it was too late.

Cramer next argues that the district court erred in granting the motions for summary judgment without waiting for his responses in opposition. When the court initially ruled, it thought Cramer had missed the deadline for responding, but in fact Cramer's submissions had been timely mailed and were still in transit. The court, however, reconsidered its decision after those documents were received, and

thus the precipitate ruling could not have harmed Cramer. *See English v. Cowell*, 10 F.3d 434, 438 (7th Cir. 1993) ("The harmless error doctrine saves premature rulings when the district court is found to have entertained the non-movants' arguments on a prior or subsequent motion, such as a motion to reconsider.").

Cramer further asserts that the district court's ruling at summary judgment was erroneous, but this contention is frivolous. Prison officials violate the Eighth Amendment only when they knowingly disregard an objectively serious risk to an inmate's health, *Farmer v. Brennan*, 511 U.S. 825, 848 (1994); *Greeno v. Daley,* 414 F.3d 645, 652-53 (7th Cir. 2005), and guards who relay an inmate's complaints to medical staff are generally entitled to rely on the treatment decisions made by medical professionals. *See Johnson v. Doughty*, 433 F.3d 1001, 1010-11 (7th Cir. 2006); *Greeno*, 414 F.3d at 656; *see also Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) ("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with . . . deliberate indifference."). In this case, even assuming that Cramer has accurately represented the nature of his illness, there was no reason for Deputy Marshal Kirchenwitz or the three jail guards to have recognized the seriousness of his condition. Kirchenwitz, as far as this record reveals, was sent to the jail only because Cramer needed transportation to a scheduled appearance in federal court, and the three guards all communicated Cramer's complaints to nurses at the jail. Nothing in the record suggests that any of the four were deliberately indifferent to Cramer's condition.

Finally, Cramer argues that the district court erred in dismissing the three unserved nurses without giving advance notice of the impending action. *See* Fed. R. Civ. Proc. 4(m). We have held, however, that a lack of notice will not compel reversal unless the plaintiff was prejudiced. *Blaney v. West*, 209 F.3d 1027, 1032 (7th Cir. 2000). Cramer moved for reconsideration after judgment was entered and specifically called the court's attention to the lack of notice; the court denied Cramer's motion, but it did so after weighing his arguments that the suit should proceed against the nurses. Thus, the initial lack of notice could not have prejudiced Cramer. *See id*. at 1031-32 (holding that plaintiff was not prejudiced by premature dismissal of unserved defendants where he bypassed opportunity to move for reconsideration under Fed. R. Civ. P. 59(e) and omitted lack-of-notice argument from later motion to vacate under Fed. R. Civ. P. 60(b)). Moreover, as the district court recognized, the statute of limitations for § 1983 actions in Wisconsin is six years, *see* Wis. Stat. § 893.53; *Gray v. Lacke*, 885 F.2d 399, 409 (7th Cir. 1989), so the dismissal of the nurses was not tantamount to a dismissal with prejudice.

AFFIRMED.