DLD-065                                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3428
_____

JAMERS TALLEY, Firefighter,
                                                                Appellant

v.

CITY OF ATLANTIC CITY, NEW JERSEY; MAYOR OF ATLANTIC CITY, NEW
JERSEY; LARANZO LANGFORD; ATLANTIC CITY FIRE DEPARTMENT, NEW
JERSEY; BENJAMIN F. BRENNER, The Atlantic City New Jersey's Fire Departments
Chief Engineer (Retired March 1, 2004); JOHN BEREHEIKO, Newly appointed Chief
Engineer; STEVEN S. SMOGER, City Solicitor for the City of Atlantic City; EILEEN
LINDINGER, Assistant Solicitor; TIMOTHY PINSKY, Medical review officer
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 04-cv-01146)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
December 16, 2010
Before:  BARRY, FISHER AND STAPLETON, Circuit Judges

(Opinion filed : January 13, 2011 )
_____

OPINION
_____

PER CURIAM

James Talley, proceeding *pro se,* appeals from the District Court's order denying

his motion to reopen. For the reasons that follow, we will summarily affirm.

I

This appeal is the latest step in a protracted case. In 2004, Talley filed in the District Court an employment discrimination complaint against his former employer, the City of Atlantic City, and others.[1] In January 2005, the District Court granted the defendants' motion to dismiss. Talley filed an appeal, which we dismissed as untimely. See Talley v. City of Atl. City, C.A. No. 05-3780 (order filed November 22, 2005). In February 2007, after filing numerous unsuccessful post-judgment motions, Talley filed in the District Court a motion to reopen his case pursuant to Federal Rule of Civil Procedure 60(b)(3). The defendants opposed the motion and renewed a previously-denied motion for sanctions. The District Court denied Talley's motion to reopen and assessed $250 in attorneys' fees against him. Talley appealed, and we again dismissed his appeal as untimely. See Talley v. City of Atl. City, C.A. No. 07-4074 (order filed September 11, 2008).

Nearly two years later, Talley filed in the District Court this motion to reopen. He alleged, much as he did in his 2007 motion to reopen, that the defendants engaged in fraudulent behavior and professional misconduct during discovery. The District Court denied the motion, relying on the reasoning articulated in its 2007 order denying the first motion to reopen. Talley filed a timely notice of appeal.

---

[1] Talley challenged his termination as a firefighter for Atlantic City, which occurred after he twice tested positive for cocaine use.

## II

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we may summarily affirm the District Court's order if the appeal presents no substantial question.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.  We construe Talley's motion to reopen as seeking relief pursuant to Rule 60(b)(6).[2]  We review the denial of a motion under Rule 60(b)(6) for abuse of discretion.  See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

"This court has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances."  In re Fine Paper Antitrust Litig., 840 F.2d 188, 194 (3d Cir. 1988) (internal quotation marks and citations omitted).  This requires a showing of "an extreme and unexpected hardship."  Budget Blinds, 536 F.3d at 255.  Talley has not alleged that he has endured any such hardship.  Rather, he reiterates his belief that the defendants were not forthcoming in responding to his discovery requests.  His bare allegations, however, do not warrant reopening his case, nor do they appear to have any bearing on the District Court's ultimate conclusion that his federal complaint was time-barred.  The fact that he has consulted with an attorney who agrees -- to some extent, at least -- that the defendants should have provided Talley with documents that he requested

---

[2]  Rule 60(b) provides six grounds under which a litigant can obtain relief from a final judgment.  Talley cannot seek relief under subsections 1 through 3, as they are subject to a one-year time limitation.  Nor is there any basis to conclude that the judgment is void, see Rule 60(b)(4), or that "the judgment has been satisfied, released or discharged. . . ."  Rule 60(b)(5).

does not constitute an exceptional circumstance. We conclude that the District Court properly denied Talley's motion to reopen.

On a final note, we caution Talley that, if he persists in raising legally frivolous arguments in the District Court or before this Court, he may face further sanctions for such conduct.

As this appeal presents no substantial questions, we will summarily affirm the District Court's order.